Ten dollars costs of the motion to the party finally prevailing.

Order to be settled by the plaintiffs on one day's notice to defendants' attorneys.

Injunction continued.   Motion for receiver denied.

---

## DISOSWAY *a.* WINANT.

*Supreme Court, Second District; General Term,* 1861.

### FEES OF REFEREES ON APPEAL, IN HIGHWAY CASES.

Where several persons appeal from an order of commissioners of highways laying out a road, the referees appointed to decide upon the appeal, are entitled to the fees of a single appeal only.

The liability of the appellants in such cases is joint and several, and the referees may recover their entire fees from any one of them.

Appeal from a judgment.

The facts are fully stated in the opinion of BROWN, J.

*M. Hale,* for the appellant.—I. For all their services rendered under the appointment of the county judge, the referees were

Disosway *a.* Winant.

entitled to receive but two dollars for each day employed. The language of the statute is perfectly plain. (*Laws of* 1847, ch. 455, § 9 ; 2 *Rev. Stat.*, 5 ed., 404, § 128.) This section can in no way be construed to mean two dollars for every day employed on each appeal. The language is " for every day employed in the hearing and decision of such appeal or appeals." The preceding section makes it the duty of referees so appointed " to hear and determine all the appeals that may have been brought" within sixty days after the filing of the order, or determination of the commissioners. (*Laws of* 1847, ch. 455, § 8 ; 2 *Rev. Stat.*, 5 ed., 403, § 123.) Upon the principle adopted by the court below in this case, if there had been fifty appeals heard together instead of four, the referees would each have been entitled to $100 a day, and this enormous salary, if the order of the commissioners had been reversed, would have been a legal charge on the county. (See § 9.)

II. The objection taken by the answer, that there is a defect of parties defendant in this action, is well taken, and should have been sustained. The word " party" used in the 9th section includes all the persons appealing. In this case all the appeals were heard, argued, and decided together. The obligation to pay rested upon the four appellants. The presumption of law, therefore, is that it was a joint obligation, and the four should have been sued together. (1 *Pars. on Cont.*, 11, 12, and *notes ; Chitty on Pl.*, 47.)

III. If the defendant herein is separately liable for the fees of the referees, he can only be held for his proportion of them, and as they were entitled to receive only $96, the defendant is liable only for one-fourth of that sum, or $24.

IV. At the time of the execution of the assignments to the plaintiff the referees' fees had been paid, and a receipt given therefor. Nothing remained due to the referees at the time of the assignments, and the plaintiff cannot recover for a voluntary payment. (3 *Johns.*, 434 ; 10 *Ib.*, 361 ; 5 *Cow.*, 603.)

V. This action is prematurely brought. It cannot be maintained during the pendency of the proceedings on certiorari in this court. The effect of the writ is to suspend all the proceedings. (13 *Wend.*, 664 ; 24 *Barb.*, 636 ; see 4 *Cow.*, 544.) The liability of the appellant in these proceedings accrues only " when the determination of the commissioners shall be con-

firmed." This must refer to a final determination. The decision of the referees may be reversed. If so, the appellants will not be liable. · But if they have been already compelled to pay, they will have no way of getting back their money, though successful in reversing the decision of the commissioners and the referees. Again, the bringing of this action is an attempt to enforce the decision of the referees. The defendant is not liable unless the decision is sustained. The referees, or their assignee, can no more maintain a suit for their fees while a certiorari is pending, than an inferior tribunal can issue execution to collect costs during the pendency of an appeal from a judgment for costs on which proceedings are stayed. (13 *Wend.*, 664.)

*John Thompson*, for the respondents.

BROWN, J.—On the 31st of October, 1853, the commissioners of highways of the town of Westfield, in the county of Richmond, upon the application of Gabriel Disosway, the plaintiff in this action, made an order in due form, according to the statute, laying out a highway in such town, which was filed and recorded in the clerk's office of the town on the 29th of November of the same year. From this order the defendant Joseph C. Winant, and three other inhabitants of the town, to wit, James Johnson, Jr., Winant Winant, and James Johnson, appealed separately to the county judge, who thereupon appointed three referees to hear and determine the same. The appeals were all heard together at one and the same time, and the determination of the commissioners laying out the highway affirmed. The decision of the referees in writing, and signed by them respectively, was filed and recorded in the town clerk's office on the 23d of January, 1860. In the performance of this duty they were actually employed—one, 16 days; another, 15 days; and the third, 17 days, being in all 48 days. They each claimed to receive compensation for their services at the rate of $2 per day for each appeal, being $8 per day to each referee for the number of days he was employed in hearing and determining the question of laying out the road. They declined to deliver over the order made by them, affirming the action of the commissioners until their fees were paid; whereupon the

plaintiff in this action, upon whose application the road was laid out, paid their fees for services at the rate of $96 in each separate appeal, and took an assignment of their claim, and thereupon brought this action to recover from the defendant $96, the sum claimed to be due from him for the services rendered in hearing and determining his appeal. The defendant, in his answer, denied the right of the referees to the compensation claimed, and averred that they were each of them entitled to recover $2 per day, and no more, for each day they were employed in hearing and determining the question referred to them, in regard to laying out the road, without reference to the number of appeals or appellants. For a further answer, he also alleges a want of parties, and averred that James Johnson, Jr., Winant Winant, and James Johnson, were jointly liable with him to pay whatever compensation was due for the services rendered, and should be made parties defendants with him. The action was tried before Mr. Justice Lott, without a jury, at the Richmond circuit, who rendered judgment against the defendant for the sum claimed, with the interest, being $102.16, with the costs of the action, from which the defendant appealed to the general term.

The 8th section of the act of the 14th of December, 1847, to amend the act concerning town officers and town and county expenses, and to prevent abuses in auditing such accounts, substitutes three referees in place of three judges of the Court of Common Pleas as the tribunal for hearing and determining appeals from orders of commissioners of highways, either in laying out, altering, or discontinuing any road, or in refusing to lay out, alter, or discontinue any road; and declares that such referees shall possess all the powers and discharge all the duties heretofore possessed and discharged by the three judges under title 1, article 4, chapter 16 of the first part of the Revised Statutes. These appeals from the judgment of the commissioners may be brought by any person who shall conceive himself aggrieved thereby. The route of roads proposed to be laid out, and of those already laid out and proposed to be altered or discontinued, are seldom confined to the lands of one proprietor; they usually, and in the present state of the country, almost universally extend through and affect the lands of various proprietors. In this aspect, to say nothing of the in·

habitants of the town who are to be charged with the expense
of making and maintaining the road, and entitled to its bene-
ficial enjoyment, there will usually be a number of persons
more or less entitled to the right of appeal.   In an appeal from
an order laying out or refusing to lay out a highway, however
numerous may be the number of persons who separately exer-
cise the right of appeal, assuming the regularity of the proceed-
ings, there can be but a single question—a single issue—upon
which the referees are to exercise their judgment, and that is,
whether they will affirm or reverse the decision of the commis-
sioners of highways, with this qualification, that if they shall
reverse an order refusing to lay out or alter a highway, they
are to proceed themselves to lay out or alter the road applied
for.   The framers of the statutes had this unity of action upon
several appeals from the same determination of the commission-
ers in mind at the time they performed their work, for both the
old and the new statute provide that appeals must be brought
within sixty days from the time of filing the commissioners'
order in the town clerk's office; and the act of 1847 also de-
clared that the county judge shall appoint the referees after
the sixty days given for the purposes of appeal shall have
elapsed.   By the 8th section of this latter act, they are to hear
and determine all the appeals that may have been brought
within the sixty days, and before proceeding to hear the ap-
peal or appeals, are to be sworn faithfully to hear and deter-
mine the matters referred to them.   So by the 89th section of
the act in regard to laying out public and private roads (1 *Rev.*
*Stat.*, 514), " the judges to whom the first appeal from any such
determination shall be made, shall have exclusive jurisdiction of
all appeals from the same determination," to the end that their
decision, when made, may embrace the whole subject, and for
this purpose they shall suspend all proceedings upon the appeal
first made, and upon all other appeals received by them from
such determination, until the time limited for such appeal shall
have expired.   The appeal is a very simple proceeding, re-
quiring no petition of appeal, no case or bill of exceptions, and
no security.   But a notice only, addressed to the judge, signed
by the party appealing, stating briefly the ground upon which
it is made, and whether brought to reverse entirely the deter-
mination of the commissioners, or only a part thereof, and

specifying such part. Both the statutes exhibit a clear purpose, that whatever may be the number of appeals, there shall be but one set of referees or appellate judges, but one proceeding or hearing and determination, and one order to signify what that determination is. In the present case, this purpose was observed to the letter, with the signal exception that the four separate orders were made affirming the decision of the commissioners. I am unable to. find any authority or reason for four separate orders, or any useful object to be attained thereby. On the contrary, the multiplication of the order of the referees would effect a most mischievous incumbrance of the town records, because, when the appeals were from an order refusing to lay out the road, and the order should be reversed, the referees would then proceed to lay out the road, describing it particularly by metes and bounds, and by courses and distances, in their certificate or order, and this order and proceeding must (according to the practice claimed by the plaintiff in this action) be repeated and multiplied to correspond with the number of persons who may have appealed from the original order. One order referring to the several appeals in the title is obviously sufficient for all the purposes contemplated by the statute.

The Legislature, however, has not left its intentions to inference, or to be collected from an examination of the objects and purposes of the act. It has declared, in express words, what shall be the compensation of the commissioners, for what services they are to be compensated, and who shall provide and pay the same. Section 9 of the act of the 14th of December, 1847, declares that " every referee appointed under the preceding section, shall be entitled to recover two dollars for every day employed in the hearing and decision of such appeal or appeals." This provision is a substitute for section 94 of the act in regard to laying out public and private roads (1 *Rev. Stat.*, 2 ed., 515), which is in these words :—" Every such judge shall be entitled to receive two dollars for every day employed in the hearing and decision of such appeal." The framers of the act of 1847, in transcribing the provision of the old act, have added the two words, " or appeals," which are very significant of their intention. These words were added for some purpose, which could be nothing less than to put it out of the power of the referees to do what has been done in the case of

the Westfield road—to recover more than two dollars per day for the hearing and determination of all the appeals heard by them from the commissioners' order. When the compensation is a per diem allowance, I am unable to see what moment it is to the referees whether there is one appeal or fifty. There is but one order appealed from, and they are to receive two dollars for every day they are employed. The gross sum to which they are entitled is to be regulated by the number of days they are employed, and not by the number of appeals they may have heard from the same order. The referees in the case of the Westfield road, making up the amount of their compensation, first ascertained the number of days they were employed, which was 16 for one of them, 17 for another, and 15 for the third, making 48 days in all. They then multiplied this sum by four, the number of the appeals from the order, making 192 days for which they demanded and received compensation. The bare statement of the proposition is its own refutation, for no argument could add to the folly or absurdity of asserting that a man could actually be employed four mortal days within the space of 12 or 24 hours. The illegality and injustice of this mode of computing the referees' compensation is, however, not so flagrant at first sight, in its application to the case of the Westfield road, because the order of the commissioners was affirmed, and the referees' compensation is distributed and assessed upon the four different appellants, who are each charged with the sum of $96. But change the picture, and suppose the order appealed from an order refusing to lay out a public road, and that in place of four, there had been fifty appeals, as there might have been, and that the order had been reversed after sixteen days employed in the hearing. It would then have become the duty of the referees to proceed to lay out the road by metes and bounds, courses and distances, and their expenses would have become a charge upon the town. Would fifty separate orders have been tolerated as necessary to the decision of the appeals; and could the town have been legally subjected to the payment of $1,600 to each referee? This is an extreme case, and one not likely to occur, but it tends to show to what the rule contended for by the plaintiff would lead, if it could be sanctioned. The relation which the town would maintain to these supposed proceedings, is that of respondent seeking to uphold one order.

made by one class of its officers against appeals taken to its validity by fifty several appellants, which the law requires shall be heard and determined together at the same time and by the same appellate tribunal. The separation of such a proceeding into several parts, for the purpose of enhancing the compensation of the referees, or for any other purpose, is at variance with the spirit as well as the letter of the statutes.

The sum of $96 to which the referees in the case of the Westfield road are doubtless entitled to receive, is to be paid to them by the party appealing, because the order was affirmed. This is the direction of the 9th section of the act of 1847. The party appealing are those who brought the appeals, and at whose instance the litigation is had. The law imposes upon them the duty and obligation of paying the per diem compensation of the referees when the order appealed from is affirmed.. When several persons appeal, the obligation to pay is a joint obligation, which the law imposes upon them all. It follows that James Johnson, James Johnson, Jr.; and Winant Winant, the other appellants, are necessary parties defendants to the action. The plaintiff paid the referees' fees, and took an assignment of their claim, whatever it might be; and it is unnecessary, therefore, to say whether they, jointly or separately, had a right of action to recover their compensation, because the plaintiff is the assignee of each of them.

There should be a new trial, with costs to abide the event.

The other members of the court concurred in these views and conclusions, with this exception :—They were of opinion that the obligation to pay the fees of the referees was joint and several, and might be enforced in an action against one as well as in an action against all the appellants from the commissioners' order. That the plaintiff, being the assignee of each of the referees, and thus uniting in himself their several claims, could maintain this action to recover the $96 due to the three referees, with the interest, and which, when paid, would be a satisfaction of the entire claim for services rendered by them.

The judgment, for this reason, was ordered to be affirmed.